## KIRTLAND *v.* HOTCHKISS.

1. This court can afford the citizen of a State no relief from the enforcement of her laws prescribing the mode and subjects of taxation, if they neither trench upon Federal authority nor violate any right recognized or secured by the Constitution of the United States.

2. The Constitution does not prohibit a State from taxing her resident citizens for debts held by them against a non-resident, evidenced by his bonds, payment whereof is secured by his deeds of trust or mortgages upon real estate situate in another State.

3. For the purposes of taxation, a debt has its *situs* at the residence of the creditor, and may be there taxed.

ERROR to the Supreme Court of Errors, Litchfield County, State of Connecticut.

Charles W. Kirtland, a citizen of Connecticut, instituted this action for the purpose of restraining the enforcement of certain tax-warrants levied upon his real estate in the town in which he resided, in satisfaction of certain State taxes, assessed against him for the years 1869 and 1870. The assessment was by reason of his ownership, during those years, of certain bonds, executed in Chicago, and made payable to him, his executors, administrators, or assigns in that city, at such place as he or they should by writing appoint, and, in default of such appointment, at the Manufacturers' National Bank of Chicago. Each bond declared that "it is made under, and is, in all respects, to be construed by the laws of Illinois, and is given for an actual loan of money, made at the city of Chicago, by the said Charles W. Kirtland to the said Edwin A. Cummins, on the day of the date hereof." They were secured by

deeds of trust, executed by the obligor to one Perkins, of that city, upon real estate there situated, the trustee having power by the terms of the deed to sell and convey the property and apply the proceeds in payment of the loan, in case of default on the part of the obligor to perform the stipulations of the bond.

The statute of Connecticut, under which the assessment was made, declares, among other things, that personal property in that State "or elsewhere" should be deemed, for purposes of taxation, to include all moneys, credits, choses in action, bonds, notes, stocks (except United States stocks), chattels, or effects, or any interest thereon; and that such personal property or interest thereon, being the property of any person resident in the State, should be valued and assessed at its just and true value in the tax-list of the town where the owner resides. The statute expressly exempts from its operation money or property actually invested in the business of merchandizing or manufacturing, when located out of the State. · Conn. Revision of 1866, p. 709, tit. 64, c. 1, sect. 8.

The court below held that the assessments complained of were in conformity to the State law, and that the law itself did not infringe any constitutional right of the plaintiff.

This writ of error is prosecuted by Kirtland upon the ground, among others, that the statute of Connecticut thus interpreted and sustained is repugnant to the Constitution of the United States.

*Mr. Ashbel Green, Mr. William Cothren,* and *Mr. Julien T. Davies,* for the plaintiff in error.

The statutes of Connecticut in question are unconstitutional, because, —

I. They regulate commerce among the several States. Const. U. S., art. 1, subd. 3, sect. 8; Laws of Conn., Revision of 1866, p. 709, tit. 64, c. 1, sect. 8, p. 713, sect. 24; Laws of 1872, c. 113. The power to impose discriminating burdens upon property is a power to prohibit or destroy. The plaintiff in error was burdened on account of the foreign origin of his bonds and mortgages, and was therefore unconstitutionally taxed. *Welton* v. *State of Missouri,* 91 U. S. 275; *Brown* v. *Maryland,* 12 Wheat. 436; *Crandall* v. *State of Nevada,*

6 Wall. 35; *Case of the State Freight Tax*, 15 id. 232; *Cook v. Pennsylvania*, 97 U. S. 566.   The grant of power by the Constitution to Congress to regulate commerce was intended to secure absolutely and uniformly free commerce between the States.    *Crandall v. State of Nevada, supra; Erie Railroad Co. v. State*, 31 N. J. L. 531.   Money is both the subject and instrument of commerce.   Johnson, J., in *Gibbons v. Ogden*, 9 Wheat. 589; McLean, J., in *Nathan v. Louisiana*, 8 How. 80; Daniel, J., in *United States v. Marigold*, 9 id. 567. The unconstitutionality of a tax is determined by the subject upon which the tax is laid.    *St. Louis v. Ferry Company*, 11 Wall. 423; *Ward v. Maryland*, 12 id. 418; *Case of the State Freight Tax, supra.*   The tax falls, in this case, upon money that is exported from Connecticut.   If it be constitutional, that State could, so far as loaning money is concerned, prescribe non-intercourse between her citizens and those of other States. For the purposes of taxation, no deduction from the assessed valuation of his real estate is permitted to a party in Illinois, by reason of his mortgage indebtedness.   Connecticut attempts to regulate commerce among the several States, inasmuch as her statutes discriminate in taxation against resident mortgagees who loan in Illinois, where no such deduction is permitted, in favor of her own residents, making similar loans on lands within her own limits.   Revision of 1866, tit. 64, c. 1, pp. 709, 715, sects. 8, 35, 36, 37.

II. They "abridge the privileges or immunities of citizens of the United States."   Fourteenth Amendment Const., sect. 1. One of these "privileges or immunities" is the right to pass in and out of all the States.    *Crandall v. State of Nevada, supra.* This right cannot exist in conjunction with a nullifying right by the State where the citizen resides to tax or impose discriminating burdens upon him for his acts, his lawful business, or his property in another State.    *Lamb v. Bowser*, 7 Biss. 315, 372.

III. They tax property or business situated without the State of Connecticut.

The maxim that personal property follows the owner has no force, independent of comity.   Savigny, System des Heutigen Römischen Rechts, vol. viii. p. 171, sect. 366; Wharton's Private International Law, sects. 11, 13, 297.   See p. 126, id.;

*Green* v. *Van Buskirk*, 7 Wall. 150 ; *Hervey* v. *Rhode Island Locomotive Works*, 93 U. S. 664 ; *Lewis* v. *Woodford*, 58 Tenn. 25 ; *Birtwhistle* v. *Vardill*, 3 Barn. & Cress. 438, 451.

It has no application to the taxation of visible tangible property, *Hoyt* v. *Commissioners of Taxes*, 23 N. Y. 224; *Pacific Steamship Co.* v. *Commissioners of Taxes*, 46 How. Pr. (N. Y.) 315 ; *State Tax on Foreign-held Bonds*, 15 Wall. 300; nor to the taxation of negotiable choses in action. *State Tax on Foreign-held Bonds Case, supra; British Com. Life Ins. Co.* v. *Commissioners of Taxes*, 31 N. Y. 32; *State of Missouri* v. *St. Louis County*, 47 Mo. 594; *People* v. *Home Ins. Co.*, 29 Cal. 533; *Attorney-General* v. *Bowens*, 4 Mee. & W. 172. It does not apply to non-negotiable choses in action, in cases of administration of the assets of a deceased person, *Beers* v. *Shannon*, 73 N. Y. 292; *Noonan* v. *Bradley*, 9 Wall. 405; see Journal du Palais, Cour de Cassation, Aug. 27, 1850 (1851, p. 205) ; nor in cases of confiscation, *Miller* v. *United States*, 11 Wall. 268; *Brown* v. *Kennedy*, 15 id. 591 ; 3 Phillimore, International Law, sect. 567, p. 688; nor in cases of foreign bankruptcy, *Ogden* v. *Saunders*, 12 Wheat. 358; *Harrison* v. *Stenny*, 5 Cranch, 289, nor in cases of attachment. It has no proper application to non-negotiable choses in action in cases of taxation. *Attorney-General* v. *Dimond*, 1 Cromp. & J. 356; *Attorney-General* v. *Hope*, 8 Bli. N. S. 44; Burchese, Operations de la Bourse, Paris, 1877, pp. 248, 861 ; *Tappan* v. *Merchants' National Bank*, 19 Wall. 490; *Fisher* v. *Commissioners of Bush County*, 19 Kan. 414; *Varner* v. *Calhoun*, 48 Ala. 178; *Bridges* v. *Mayor*, 33 Ga. 113.

The tax in question does not fall upon a "person," because it is not a poll-tax. A tax upon a person, with reference to his property, falls upon the property. *Bank of Commerce* v. *New York City*, 2 Black, 620 ; *Bank Tax Case*, 2 Wall. 200. It is not a tax upon property situated in Connecticut. 1. The money lent by the plaintiff in error belongs to his debtor. *Railway Company* v. *Jackson*, 7 Wall. 263. See 42 Conn. 438. 2. The bonds have always been in Illinois, and cannot be taxed by Connecticut. *Hoyt* v. *Commissioners*, 23 N. Y. 224; *State Tax on Foreign-held Bonds, supra*. 3. The debts evidenced by the bonds are not valuable independent of the debtor's property, which can be taxed only in Illinois, where it is situated.

4. The rights of the plaintiff in error, evidenced by his bonds, are protected only by Illinois, and hence cannot be taxed by Connecticut. *Tappan* v. *Merchants' Nat. Bank*, 19 Wall. 440; *Catlin* v. *Hall*, 21 Vt. 122; *Fisher* v. *Commissioners of Bush Co.*, 19 Kan. 414; *Bridges* v. *Mayor*, 33 Ga. 113; *People* v. *Gardiner*, 51 Barb. (N. Y.) 352; *Varner* v. *Calhoun*, 48 Ala. 178. It really falls on acts of business performed and to be performed in Illinois, of which the bonds are the record and the evidence. Wolsey's Political Science, vol. i. p. 75. Those acts of business have an exclusive *situs* for taxation in Illinois, whose jurisdiction alone protects them.

IV. They are repugnant to the exclusive sovereignty of Illinois over property and acts of business within her borders, and hence are void under the provisions of the Constitution of the United States. 1. The laws of Connecticut should not be allowed to affect property and business whose *situs* is in Illinois. The power of Illinois to tax money within her limits, or an act of loaning and borrowing money there, must, under our form of government, exclude the power of another State from taxing Illinois money, or an act of loaning and borrowing in Illinois. *Mager* v. *Grima et al.*, 8 How. 490; Story's Confl. of Laws, p. 257; *The Appolon*, 9 Wheat. 370; *Ogden* v. *Saunders*, 12 id. 213; *Hervey* v. *Locomotive Works*, 93 U. S. 664; *Pennoyer* v. *Neff*, 95 id. 722; *Guillander* v. *Howell*, 35 N. Y. 657; *Lamb* v. *Bowser*, 7 Biss. 315; *Desmazes* v. *Mutual Ben. Life Ins. Co.*, 7 Ins. L. J. 927; *Baldwin* v. *Hale*, 1 Wall. 223; *Green* v. *Collins*, 3 Cliff. 494; *D'Arcy* v. *Ketchum*, 11 How. 73; *Whitcomb* v. *Phœnix Ins. Co.*, 8 Ins. L. J. 624. 2. No express provision of the United States Constitution is necessary, if its spirit sustains a prohibition upon the interference of one State with the sovereignty of another. *Ward* v. *Maryland*, 12 Wall. 427; *McCullough* v. *Maryland*, 4 Wheat. 416; *Crandall* v. *State of Nevada*, 6 Wall. 35; *Passenger Tax Cases*, 7 How. 283; *Weston* v. *City of Charleston*, 2 Pet. 462. 3. The tax laws of Illinois are, and those of Connecticut are not, a part of the contracts evidenced by plaintiff's bonds. Taxation of them by Connecticut lays a greater burden upon the contracts than Illinois has declared they shall bear. The statutes in question fail to give "full faith and credit" to the "public acts" of

Illinois. Const. U. S., art. 4, sect. 1; *Edwards* v. *Kearey,* 96 U. S. 595; *Walker* v. *Whitehead,* 16 Wall. 314.

V. They impair the obligation of the plaintiff's contract, and deprive him of a portion of its fruits. Such an impairment is forbidden by.the Constitution of the United States. *Walker* v. *Whitehead,* 16 Wall. 314; *Planters' Bank* v. *Sharp,* 6 How. 301.

VI. They deprive the plaintiff in error of his property without due process of law. Fourteenth Amendment, Const. U. S. 1. The advertisement of sale by the defendant in error of plaintiff's land is the first step of a "taking" of his land. 2. Such advertisement was without "due process of law," because the statutes conferring the power to advertise being unconstitutional conferred no jurisdiction upon any person to tax or to sell the land. There can be no "due process of law," even in attempted taxation, without jurisdiction of the subject of taxation, and such jurisdiction does not exist in the absence of protection of that subject by the taxing power. *United States* v. *Rice,* 4 Wheat. 246; *Wicks* v. *Dinyee,* 7 Cranch, 481; *St. Louis* v. *Ferry Co.,* 11 Wall. 430; *State Tax on Foreign-held Bonds, supra; Tappan* v. *Merchants' Bank,* 19 id. 490; *Railroad Tax,* 18 id. 229; *Loan Association* v. *Topeka,* 20 id. 655. An arbitrary execution on a subject not within the jurisdiction of a State is not taxation but confiscation.

VII. They violate sect. 2, art. 4, of the Constitution of the United States, which declares that " the citizens of each State shall be entitled to all privileges and immunities of citizens in the several States." See art. 4 of Articles of Confederation; *Slaughter-House Cases,* 16 Wall. 75. The business of loaning money is thus guaranteed to a citizen of another State upon the same footing as to taxation with the citizens of the State within which the business is carried on. *Corfield* v. *Corzell,* 4 Wash. 371; *Paul* v. *Virginia,* 8 Wall. 168; *Williams* v. *Bruffy,* 96 U. S. 176; *Ward* v. *Maryland,* 12 Wall. 430; *Bradwell* v. *State,* 16 id. 130; *Crandall* v. *State of Nevada,* 6 id. 35.

*Mr. Morris W. Seymour, contra.*

MR. JUSTICE HARLAN, after stating the case, delivered the opinion of the court.

We will not follow the interesting argument of counsel by

entering upon an extended discussion of the principles upon which the power of taxation rests under our system of constitutional government.  Nor is it at all necessary that we should now attempt to state all limitations which exist upon the exercise of that power, whether they arise from the essential principles of free government or from express constitutional provisions.  We restrict our remarks to a single question, the precise import of which will appear from the preceding statement of the more important facts of this case.

In *McCulloch* v. *State of Maryland* (4 Wheat. 428), this court considered very fully the nature and extent of the original right of taxation which remained with the States after the adoption of the Federal Constitution.  It was there said "that the power of taxing the people and their property is essential to the very existence of government, and may be legitimately exercised on the objects to which it is applicable to the utmost extent to which the government may choose to carry it."  Tracing the right of taxation to the source from which it was derived, the court further said: " It is obvious that it is an incident of sovereignty, and is coextensive with that to which it is an incident.  All subjects over which the sovereign power of a State extends are objects of taxation, but those over which it does not extend are, upon the soundest principles, exempt from taxation."

" This vital power," said this court in *Providence Bank* v. *Billings* (4 Pet. 563), " may be abused; but the Constitution of the United States was not intended to furnish the corrective for every abuse of power which may be committed by the State governments.  The interest, wisdom, and justice of the representative body, and its relations with its constituents, furnish the only security, when there is no express contract, against unjust and excessive taxation, as well as against unwise legislation."

In *St. Louis* v. *The Ferry Company* (11 Wall. 423), and in *State Tax on Foreign-held Bonds* (15 id. 300), the language of the court was equally emphatic.

In the last-named case we said that, " unless restrained by provisions of the Federal Constitution, the power of the State as to the mode, form, and extent of taxation is unlimited,

where the subjects to which it applies are within her juris-diction."

We perceive no reason to modify the principles announced in these cases or to question their soundness. They are fundamental and vital in the relations which, under the Constitution, exist between the United States and the several States. Upon their strict observance depends, in no small degree, the harmonious and successful working of our complex system of government, Federal and State. It may, therefore, be regarded as the established doctrine of this court, that so long as the State, by its laws, prescribing the mode and subjects of taxation, does not entrench upon the legitimate authority of the Union, or violate any right recognized, or secured, by the Constitution of the United States, this court, as between the State and its citizen, can afford him no relief against State taxation, however unjust, oppressive, or onerous.

Plainly, therefore, our only duty is to inquire whether the Constitution prohibits a State from taxing, in the hands of one of its resident citizens, a debt held by him upon a resident of another State, and evidenced by the bond of the debtor, secured by deed of trust or mortgage upon real estate situated in the State in which the debtor resides.

The question does not seem to us to be very difficult of solution. The creditor, it is conceded, is a permanent resident within the jurisdiction of the State imposing the tax. The debt is property in his hands constituting a portion of his wealth, from which he is under the highest obligation, in common with his fellow-citizens of the same State, to contribute for the support of the government whose protection he enjoys.

That debt, although a species of intangible property, may, for purposes of taxation, if not for all others, be regarded as situated at the domicile of the creditor. It is none the less property because its amount and maturity are set forth in a bond. That bond, wherever actually held or deposited, is only evidence of the debt, and if destroyed, the debt — the right to demand payment of the money loaned, with the stipulated interest — remains. Nor is the debt, for the purposes of taxation, affected by the fact that it is secured by mortgage

upon real estate situated in Illinois. The mortgage is but a security for the debt, and, as held in *State Tax on Foreign-held Bonds (supra)*, the right of the creditor " to proceed against the property mortgaged, upon a given contingency, to enforce by its sale the payment of his demand, . . has no locality independent of the party in whom it resides. It may undoubtedly be taxed by the State when held by a resident therein," &c. Cooley on Taxation, 15, 63, 134, 270. The debt, then, having its *situs* at the creditor's residence, both he and it are, for the purposes of taxation, within the jurisdiction of the State. It is, consequently, for the State to determine, consistently with its own fundamental law, whether such property owned by one of its residents shall contribute, by way of taxation, to maintain its government. Its discretion in that regard cannot be supervised or controlled by any department of the Federal government, for the reason, too obvious to require argument in its support, that such taxation violates no provision of the Federal Constitution. Manifestly it does not, as is supposed by counsel, interfere in any true sense with the exercise by Congress of the power to regulate commerce among the several States. *Nathan* v. *Lousiana*, 8 How. 73; Cooley on Taxation, 62. Nor does it, as is further supposed, abridge the privileges or immunities of citizens of the United States, or deprive the citizen of life, liberty, or property without due process of law, or violate the constitutional guaranty that the citizens of each State shall be entitled to all privileges of citizens in the several States.

Whether the State of Connecticut shall measure the contribution which persons resident within its jurisdiction shall make by way of taxes, in return for the protection it affords them, by the value of the credits, choses in action, bonds, or stocks which they may own (other than such as are exempted or protected from taxation under the Constitution and laws of the United States), is a matter which concerns only the people of that State, with which the Federal government cannot rightly interfere.

*Judgment affirmed*