Boynton, J.
The sole question arising upon the demurrer to the petition, is whether the shares of stock in corporations' created in other States, which shares are owned by persons residing here, are taxable under our constitution and laws, where the capital stock of the corporation is invested in real and fixed property situated in the State in which the corporation exists, and where by the laws of such State the same is required to be listed for taxation.
The claim of the learned counsel for the plaintiffs is, that the right, in such case, to levy and collect a tax upon the shares of stock of such owner, finds no warrant either in the constitution or the. statute.
The constitutional power to tax shares of stock in foreign companies, owned by residents of Ohio, was directly involved in Worthington v. Sebastian, 25 Ohio St. 1, where it was held, that the duty imposed by the statute to tax such shares was neither in violation of the constitution of the State, nor of the United States.
The question arose under the act of 1859 (2 S. & 0. 1138); but the provisions of that act, in respect to property made-subject to taxation, were substantially the same as those of the act of 1878, under which the right in the present case is asserted to tax the shares of the plaintiffs in foreign compa-. nies.
The two acts being the same as respects the property subject to taxation, it follows that if that case was correctly determined, it is decisive of the present. A careful examination of *33 the grounds on which it rests, satisfies us that the same was correctly decided.
No provision of the constitution is more explicit in its terms, or less open to construction, than that relating to the subject of taxation. "With few exceptions, in which a discretion is left to the' legislature to impose a tax or not, -the constitution imperatively enjoins the passage of laws ’taxing by a uniform rule “ all moneys, credits, investments in stocks, joint stock companies, or-otherwise ; and also all real and personal property, according to its true value in money.” Article 12, § 2.
To carry this provision into effect, it was provided by the act of 1818, and now by the Revised Statutes, that “ all property, whether real or personal, in this state, and whether belonging to individuals or corporations; and all moneys, credits, investments in bonds, stocks or otherwise, of persons residing in this state, shall be subject to taxation, except only such as may be expressly exempted therefrom.”
Thus, both the constitution and the statute expressly designate “investments in stocks” as one of the subjects of taxation, without any restriction or limitation as to the place or state where such “ stocks ” may be authorized or issued. And that the meaning of the term should admit of no doubt, it was declared “ to include all moneys invested in the capital or stock of any association, corporation, joint stock company, or other company, the capital or stock of which is or may be divided into shares, which are transferable by each owner, without the consent of the other partners or stockholders, for the taxation of which no.special provision is made by law, held by persons residing in this state, either for themselves or others.”
It was, moreover, provided by the 1st section of said act, defining the property subject to taxation, that the term “ personal property ” should, inter alia, be held “ to mean and include every share, portion or interest in the capital stock of a corporation;” and by section 13 of the act relating to the listing of property, it was further declared, that property of every description, moneys and credits, investments in bonds, stocks, joint stock companies, or otherwise, shall be listed in the name of the person who was the owner thereof on the day *34 preceding the second Monday of April, in each year,” providing that “no person should be required to list for taxation any share or shares of the capital stock of any company, the capital stock of which is taxed in the name of such company.”
In view of these provisions, it is perfectly obvious that shares of stock in corporations, wherever located, owned by our citizens, are subject to taxation, except in cases falling within the operation of the proviso of section 13, unless the statute is open to constitutional objection. The proviso to the 13th section, exempting from taxation any share or shares of stock in any company, the capital stock of which is taxed in the name of the company, is a substitute for the same provision found in the first clause of section 59, of the act of 1859. It had, in that act, as in the act of 1878, no reference to shares of stock in foreign companies. It is only where the capital stock of the company is required to be taxed in Ohio, that the right to such exemption obtains. The puipose of the proviso ■was to exempt from taxation the shares of stock in corporations, where the state had exercised the right to tax the capital stock in the name of the company. No such tax could be imposed upon the property of foreign companies not situate within the state. The capital of the corporation is the property of the corporation, and it can only be taxed in the State where the property is located. It is very clearly settled, that the right of taxation is limited to persons, property and business within the jurisdiction of the State where the right is attempted to bo exercised. Railroad Company v. Pennsylvania, 15 Wall. 300. But investments in stocks in foreign companies, owned by residents here, being property within the state,, are not only made subject to taxation by the constitution, but, as we have seen, their taxation is expressly required by the statute.
But it is said, that because the capital of the company is invested in real and fixed property in the state where the corporation is located, and in which state, taxes upon the same are regularly levied and paid, a tax here upon the shares of stock of those residing here, is a tax upon the same property, and therefore results in double taxation.
*35 The argument is : that the capital of the corporation is invested in property which is taxed in the name of the coloration, and that the shares in the capital stock, when owned by individuals, ooly represent proportions in the ownership of such property, and hence, to tax the shares is another mode of taxing the property of the corporation, and that a tax upon both, although the tax upon one is imposed by another state, violates the rule or principle of equality established by the constitution. This argument, however plausible it seems, hast never met with favor from the courts. Double taxation, in a legal sense, does not exist, unless the double tax is levied upon the same property within the same jurisdiction. Here the property owned by the plaintiffs is not only not the same as that owned by the corporation, but its situs, so far as shares of stock are capable of one, is in a different state.
The capital of a corporation, whatever invested in, and the individual shares of stock, are distinct species of property. Farrington v. Tennessee, 95 U. S. 679. The owner of a share of stock owns no part of the capital of the company. Watson v. Spratley, 10 Exch. 236. The corporation is its sole owner, holding the same, it is true, in trust, for the purposes for which the corporation was created, and upon its winding up, for the benefit of creditors and shareholders. The ownership of a share of stock, so far as the property of the corporation is concerned, is but the ownership of the right to participate, from time to time, in the net profits of the business, and upon the dissolution of the corporation to a proportion of the assets after the payment of the corporate debts. It is personal property, which, upon the death of the owner, goes to his administrator, although the entire capital of the corporation may consist of real estate. The owner may sell or dispose of his stock at pleasure, and, in so doing, works no change or modification in the title to the corporate property. From this it would seem to result necessarily, that its situs, for purposes of taxation, when not otherwise provided by statute, is that of the domicil of the owner. That shares of stock may be separated from the person of the owner, by statute, and given a situs of their own, was held in Tappan v. Merchants' National Bank, 19 Wall. 490. *36 But when not so separated, that their situs follows and adheres to the domicil of the owner, is supported by a great weight of authority. State v. Branin, 3 Zab. 484; City of Newark v. Assessor, 30 N. J. Law, 13; Barrington v. County Corners, 16 Pick. 572 ; Oliver v. Washington Mills, 11 Allen, 268; Whitesell v. County of Northampton, 49 Penn. St. 526 ; Cooley on Taxation, 16 ; Burroughs on Taxation, 188.
The same principle governs a chose in action ; for purposes of taxation, its situs is that of the domicil of the owner, although the debt is secured by a mortgage upon realty in another state, and by agreement of the parties expressly made subject to its laws. Kirtland v. Hotchkiss, 42 Conn. 426. See same case in 100 U. S. 491.
The constitutional power to tax shares of stock, owned by our citizens in corporations located without the state, does not depend on whether the capital of the corporation is or is not taxed in the state where the corporation is created. The power is the same, whether the capital of the corporation is there taxed or not; otherwise, the power of taxation conferred by the constitution would be made to depend upon the operation of laws of a foreign jurisdiction — a proposition so obviously ill founded that the moment it is stated its falsity becomes apparent.
In Dwight v. Mayor, 12 Allen, 316, the plaintiff, the owner .of shares in a foreign railroad corporation, sought a deduction from the tax upon his stock, by reason of the tax on the property of the corporation in the state where the same was located. The right to such deduction was denied, the court remarking that “ shares in a foreign railroad corporation held by citizens of this state are fully taxed here, and no deduction is made for any taxation to which the corporation is subject, in the states where they are located. So it is in regard to shares hold by our citizens in banks, insurance companies, and other moneyed corporations, situated in other states. Such shares, when held by our citizens, are here treated as so much personal estate, following the person of the owner, and taxable at their full value .in this commonwealth, regardless of what may be the foreign law as to taxation of the capital or any part of it elsewhere.”
*37 This case is but one of a great number that hold the same doctrine.
The demurrer is sustained, the injunction vacated, and petition dismissed.