Johnson, C. J.
By the well-settled principles of the common law, Grant was a non-resident of Ohio. He was a native of Ireland, came to Canada at the age of twenty, resided there five years, never was married, was a peddler by occupation, had no homo anywhere, and no property, except his peddler’s pack of goods which he carried with him on his back, wherever he went pursuing his calling, and the notes and mortgages in controversy, which were also carried on his person. During twenty or more years he traveled over fourteen states, visiting Middletown, Lemon township, about once each year. During *513 the war of the Rebellion he was arrested as a spy in West Virginia, and imprisoned in Camp Chase, and thei-e claimed the rights of a British subject. He never claimed nor exercised any of the rights of a resident or citizen of Ohio, nor had he any fixed place of abode. His visits to Middletown were always of a temporary character, to pursue his vocation as a peddler and look after his investments. He never evinced a purpose to become a citizen of the United States, nor to adopt a home in Ohio. Neither by word or act did he look to a change'of his domicile of origin, nor of-his allegiance as a subject of Great Britain. He was what may be called a wanderer.
Upon this state of facts, authorities need not be cited to show that plaintiff in error was not a resident of Ohio, within the meaning of that term as generally used in our statutes, or as defined at common law. It remains to be determined whether his notes and the mortgages to secure the same on real estate in Ohio, are subject to taxation in the township where the money was loaned, they never having been held in this state by a resident owner or by any' resident, agent, trustee, or guardian, for the owner.
The tax law of 1859 (2 S. & C. 1438) with its amendments, was in force until the revision, and governs the case. Section one provides that “ all property, whether real and personal, in this state, and all moneys, credits, investments in bonds, stocks, joint companies or otherwise of persons residing therein . . . shall be subject to taxation.” By section two, “ investments in bonds ” and “ investments in stocks ” are taxable here, if they are held by persons residing in this state, whether for themselves, or as guardians, trustees or agents, without regard to the sifrus of the state, county, municipal authority or body, whether within or without'the state, issuing them.
These provisions came under review in Worthington v. Sebastian, 25 Ohio St. 1, where it was held, that as to this class of property, the situs of the creditor and not of the debtor, is to determine where credits, investment in bonds, etc., are to be taxed, and that the tax is to be imposed by the law of the creditor’s place of residence, and not by that of the debtor.
This was the same view as was taken by the supreme *514 court of the United States in Railroad Co. v. Pennsylvania, 15 Wallace, 300, where the state undertook to tax debts owing by a corporation resident of the state, without regard to the residence of the creditor. It was there further held, that the power of the state to tax, is limited to persons, property and business within its jurisdiction, and therefore, non-resident creditors were not subject to taxation on bonds held by them though secured by mortgage or real estate within the state.
The point was again decided by this court in Bradley v. Bauer, 36 Ohio St. 28. It was there held, that the residence of the owner of shares of stock in a foreign corporation determined the right of this state to tax such shares, and if he resided in Ohio, they were taxable here, though the capital was taxed in this state where the corporation was located. It is there said the same principle governs a chose in action, and that “ for the purpose of taxation its situs is that of the domicile of the owner, although the debt is secured by mortgage upon realty in another state.”
The discussions and decisions on this point are so recent and elaborate that it is needless to do more than to refer to a few of them. Tappen v. Merchant's National Bank, 19 Wall. 499; County of Northampton v. Whetwell, 49 Pa. St. 526 ; State v. Braum, 3 Zab. 484; City of Newark v. Assessor, 30 N. J. Law, 13; Kirkland v. Hotchkiss, 42 Conn. 426. The last case came before the supreme court of the United States, and will be found reported in 100 U. S. 491, where it was again held, that for the purposes of taxation a debt has its situs at the residence of the creditor, and the doctrine in 15 Wallace, supra, is repeated.
Our statute clearly adopts that rule. Whenever the person holding such choses in action resides in Ohio, he must list for taxation such credits, whether he holds them as owner, guardian, trustee, or agent. If they are held within the state in either capacity, they are within the jurisdiction of the state for purposes of taxation. If they are not So held, but are owned and held by a non-resident, they are not subject to taxation.
*515 What constitutes a person a resident of Ohio, for tire purpose of voting, of admission to the public schools and benevolent institutions of the state, for the administration of estates and in other cases, has been a frequent matter for consideration in the courts. There is no substantial difference between the words residence and doznicile in regaz’d to these matters, though they are not always synonymous. For business purposes and perhaps for purposes of taxation, a man may have more than one residence, but he can have but one domicile.
Thus in State v. Ross, 3 Zab. 517, the domicile of one Potter was in Georgia, where he lived most of the year and exercised the rights of a citizen, but resided during part of the year in New Jersey, in his own house. It was held that his real estate and tangible property in New Jersey were taxable there, but bonds, stocks, etc., owned by him have the situs of his domicile in Georgia, and could not be taxed in New Jersey.
That case is instructive both as to the power of the state, and the policy of taxing persons on things in action, at any other place than the domicile of the owner. The policy of this state, as declared in the statutes, is clearly expressed, and is founded in wisdom. If we concede the power of the state to tax things in action held by persons not residing within its jurisdiction, which is denied by the supreme court of the United States, yet no attempt has been made to exercise such power. The policy of the state has always been to encourage, rather than repel such investments of non-resident owners, and hence the statute provides, that such credits are taxable at the residence of the owner, if he is a resident, or where they are held within the state by a guardian, trustee, or agent of the owner, if they hold them within the jurisdiction of the state, but if the owner does not reside within the state, and such credits are not held within the state by an agent, guardian, or trustee of such owner, the residence of the owner fixes the situs of the credits. The act of 1861, taxing “ transient traders (S. & S. 760), which is part of the Revised StatT utes, provides that if any such person shall locate in any place, in this state, his stoclc in trade is liable to taxation, but there is no requirement that he shall be taxed on his credits or other *516 investments. If such trader is not a resident of Ohio, he comes under the rule above stated, but if residing in the state, then such credits follow the residence of the owner.

Judgments of the district court and of the common fleas reversed and the cause remanded.