By the Court.
The action below was a suit by the treasurer of the county to recover of the defendant the sum of $445.06, taxes aud penalty, charged upon the duplicate of the county against her for the year 1882. The defendant, a nonresident, denied her liability to taxation in this state. The facts were substantially as follows: The defendant upon her marriage, in 1879, became a non-resident of the state, residing from that time with her husband, Charles Seaberger, at Chicago, Illinois. The amount, $17,000, listed for taxation against her, was the sum of certain loans that had been made for her upon mortgage securities in the county. They had been made by her uncle, acting as her agent, previous to her marriage. After her marriage he continued to act for her in making collections of principal and interest, but not otherwise. He had no power to make investments. He was required by his agency to transmit the collections as soon as made. He made no investments for her after her marriage, and, as required, transmitted the collections as soon as made. The uncollected securities, however, remained in his hands for the purposes of the agency as just stated.
The common pleas court rendered judgment for the treasurer, which, on a proceeding in error, was reversed by the circuit court, and judgment rendered for the defendant.'
The judgment of the circuit court, is, as we think, right. “ Our system of ad valorem taxation has uniformly proceeded upon the theory, that tangible property is to be taxed according to the law of the place where it is situated, irrespective of the residence of its owner; while, with equal uniformity, it has proceeded upon the theory that ‘ credits,’ * investments in *234 bonds/ ‘ stocks/ etc., are taxable according to tbe laws of tbe place where their owners or holders reside.” Per Welch, J., in Worthington v. Sebastian, Treas., 25 Ohio St. 8. A loan of money upon mortgage is a credit within the definition of the subjects of taxation contained in section 2730, of the Revised Statutes, being a legal claim for money, not included in the definition of “ money ” itself as therein defined. There is, as we think, no ground for saying that a loan of money secured by an ordinary mortgage is “ an investment in bonds ” within the definition of the phrase contained in the section just cited. The definition includes only such “ evidences of indebtedness ” as are “ issued ” by incorporated or unincorporated companies, towns, cities, etc. A mortgage may be made and delivered, but it would be a misuse of words to speak of it as issued, in the sense that a bond is issued by a company or municipalit}'. Hence the simple fact that the securities were “ held ” by a person residing in this state, as agent of the owner, is not material, unless it be so in connection with some other subject of taxation.
Nor does the fact that the definition of “ personal property ” is made to include “ money loaned on pledge or mortgage of real estate, although a deed or other instrument may have been given for the same, if between the parties the same is considered as security merely” (sec. 2730, Rev. Stats.), affect the question here presented. The same clause is inserted in section 2734, of the Revised Statutes, and is intended to circumvent any mere shift of the kind to avoid taxation. It was not intended to make money so loaned taxable as tangible personal property. The purpose and effect of the provision is to make a loan of money secured by a deed, absolute on its face, taxable as a loan secured in any other form.
A loan then, of money secured by mortgage in any form, is to be taxed as other credits in this state. The subjects of taxation are enumerated in section 2731, of the Revised Statutes. The language is as follows: “All property whether real or personal in this state, and whether belonging to individuals or corporations; and all moneys, credits, investments in bonds, stocks, or otherwise, of persons residing in this state, shall be *235 subject to taxation.” The first clause evidently embraces all tangible property, real or personal, situated in this state, irrespective of the residence of the owner; and the second clause embraces all intangible property of persons residing in this state, irrespective of where the subject of the property may be situated. So that it seems clear that the credits of persons not residing in this state are not the subjects of taxation by its authorities, though the debtor may reside here. Such has been the uniform policy of this state. To use the language of Welch, J., in the case above cited: “ Intangible property has no actual situs. If, for purposes of taxation, we assign it a legal situs, surely that situs should be the place where it is owned, and not the place where it is owed. It is incapable of a separate situs, and must follow the situs either of the creditor or the debtor. To make it follow the residence of the latter, is to tax the debtor and not the creditor.”
Such has been the uniform view taken of the question in this state, and elsewhere, except in the state of Pennsylvania, and possibly some others. Bradley v. Bauder, 36 Ohio St. 28; Grant v. Jones, 39 Ohio St. 506. In Railroad Co. v. Pennsylvania, 15 Wall. 300, it was held by the supreme court of the United States, that a state cannot tax the credits of non-residents, though secured by mortgage on property in it, on the ground that the situs of a credit being that of the creditor, is not within the jurisdiction of the state, and therefore not subject to taxation by it. While in Kirtland v. Hotchkiss, 100 U. S. 491, it was held that when the creditor resides in the state, his credits are subject to taxation by it, without regard to where the debtor may reside, because the-credit, following the residence of the creditor, is within the jurisdiction of the state.
The rule as above stated is qualified as to “ money ” by section 2734, Rev. Stats. By this section every person of full age and sound mind is required to list for taxation “ all moneys invested, loaned, or otherwise, controlled by him, as agent or attorney, or on account of any other person or persons.” But the case before us does not come within this provision. The agent of the defendant had no power to loan or invest money *236 for her in this state. His duties were confined to the collection of that which had been loaned, and transmitting it to his principal as fast as it was collected. The phrase, “ or otherwise controlled by him,” must be construed to mean, in a manner similar to the loaning and investing of money. For it is a settled rule of construction that, in accordance with the maxim noseitur a soeiis, the meaning of a word may be ascertained by reference to the meaning of words associated with it; and again, according to a similar rule, the coupling of words together shows that they are to be understood in the same sense. Broom’s Leg. Max. *523. To loan or invest money is one thing; to collect and transmit it to the owner when collected, is another and different thing. Any other construction would require every atttorney in the state engaged in making collections for non-residents, to return the same for taxation. Such could not have been the intention of the legislature, nor does the language of the statute require that such construction should be placed on it.

Judgment affirmed.