ROBINSON v. CITY OF WILMINGTON et al.

(Circuit Court of Appeals, Fourth Circuit. February 5, 1895.)

No. 107.

1. EQUITY—INJUNCTION AGAINST COLLECTION OF TAXES.
    Certain shares of the stock of a bank were irregularly returned for taxation in the name of the bank instead of in the names of the individual stockholders. *Held*, where the statutes of the state provided an adequate remedy for the correction of the error, that there was no ground for the interposition of the circuit court in equity to enjoin the collection of the taxes from the bank.

2. SAME.
    Courts of equity of the United States will not interfere by injunction with the exercise of the taxing power of the states, for mere irregularity or illegality, without some special circumstances bringing the case under some recognized head of equity jurisdiction.

Appeal from the Circuit Court of the United States for the Eastern District of North Carolina.

This was a suit by W. S. O'B. Robinson, receiver of the First National Bank of Wilmington, N. C., against the city of Wilmington

and William A. Willson, to enjoin the collection of certain taxes. The circuit court dismissed the bill. Complainant appeals.

E. K. Bryan, for appellant.

Thomas W. Strange, for appellees.

Before SIMONTON, Circuit Judge, and MORRIS and BRAWLEY, District Judges.

BRAWLEY, District Judge. The appellant, as receiver of the First National Bank of Wilmington, N. C., sought to enjoin the appellees, the city of Wilmington and its collector of taxes, from enforcing the collection of a tax assessed upon certain shares of bank stock alleged to have been illegally listed. It appears that the capital stock of the bank consisted of 2,500 shares, of the par value of $100 each, and that 1,096 of these shares, valued at $76,720, the property of persons residing in the city of Wilmington, were returned by the cashier and listed by the tax lister in said city for taxation in the name of the bank. By the law of North Carolina (Pub Acts 1891, c. 326, § 42), these shares should have been listed in the names of the individual shareholders, and the taxes assessed thereon should have been paid by each respective shareholder at the place of his domicile. It is provided by the same statute (Id. c. 326, § 86) that, if there is any error in the assessment roll in the name of the person, the name may be changed, and the error corrected in the manner therein prescribed. It is further provided (Id. c. 326, § 78) that in every case where a person claims that any tax or any part thereof is, for any reason, invalid, he may pay the same, and within 30 days may demand repayment thereof; and, if the same is not repaid in 90 days, he may sue for its recovery, and recover judgment against the city, town, or county imposing the tax for the full amount paid, with interest, etc. Assuming that it was illegal to list these shares for taxation in the name of the bank in solido instead of in the names of the individual stockholders to whom they belonged, it would seem that the revenue laws of the state of North Carolina provide a sufficient system of corrective justice in respect to taxes illegally imposed in appeals to the executive department of the government, and, if satisfaction is not thus obtained, the party aggrieved has a remedy provided for the recovery of the tax paid by suit. For obvious reasons, courts of equity are reluctant to interfere with the taxing power of the states in the course of its orderly administration. They were not intended to furnish the corrective for every injury or abuse of power which may be committed by the officers of a state government, and so long as the laws prescribing the methods of assessment and subjects of taxation do not entrench upon the legitimate authority of the United States, or violate any rights recognized or secured by its constitution and laws, courts of equity of the United States will not interpose between the state and its citizens, unless a case of equitable cognizance is presented. The record in this case does not disclose the grounds upon which the court below acted in refusing the injunction and dismissing the bill. They will probably be found in those general

principles of equity jurisprudence which govern alike the courts of the state and of the United States. The collection of taxes is a legal proceeding to enforce the payment of a debt due the public, and, like proceedings at law upon a private claim, equity will only interpose to prevent injustice by the unfair use of legal process when the law provides no adequate remedy for such abuse. The levy of taxes not being a judicial function, courts have no power to make new assessments, or to direct them to be made, or to apportion the taxes when collected; and, inasmuch as the experience of ages has demonstrated that collection has to be enforced by summary and stringent measures, other instrumentalities and other modes of procedure are necessary than those which belong to courts of justice. Accordingly, under our theory and system of government, the officers who assess and collect, and the manner in which they shall exercise their functions, pertain exclusively to the legislative and executive departments. However irregular, unjust, onerous, or oppressive these proceedings may seem to be, there must be some special circumstances bringing the case under some recognized head of equity jurisdiction before the preventive remedy by injunction can be invoked. Irregularity or illegality alone constitutes no ground for such interposition. Equity cannot attempt to prevent, any more than it will redress, all wrongs. It could not assume this power without disastrous consequences to the state, for there would be no stopping point short of enjoining all taxes whenever any irregularity had intervened. There may be cases where the particular circumstances or peculiar hardships would justify an exception, but the general rule and fundamental principle is that a court of equity is not a court of errors to review the acts of public officers in the assessment and collection of taxes, and where a particular manner is provided by law, or a particular tribunal designated, for the settlement and decision of errors or irregularities in behalf of persons dissatisfied with a tax, they must avail themselves of the legal remedy thus prescribed, and not be allowed to waive such relief, and seek in equity to enjoin the collection of the tax. High, Inj. 493; State Railroad Tax Cases, 92 U. S. 613; Kirkland v. Hotchkiss 100 U. S. 497; Shelton v. Platt, 139 U. S. 591, 11 Sup. Ct. 646; In re Tyler, 149 U. S. 188, 13 Sup. Ct. 785; Dows v. Chicago, 11 Wall. 108. Our attention has not been brought to any well-considered case where a court of equity has interfered by injunction to prevent the collection of a tax, unless the circumstances have brought it within some of the recognized foundations of equitable jurisdiction, which are substantially these: Where the enforcement of the tax would lead to a multiplicity of suits, or produce irreparable injury, or, in case of real estate, throw a cloud upon the title. The case before us does not come within these exceptions. All that can be said of it is that the officer to whose judgment the law confided the listing of property for taxation has committed an error of judgment in listing as the property of the bank, for taxation in the city of Wilmington, what should have been listed as the property of the shareholders in the same place, and, even if the court could properly substitute its judgment for that of the officer specially charged with

that duty, it would not do so, where there was a tribunal expressly created for the correction of his irregularities and mistakes. In Cummings v. Bank, 101 U. S. 153, it was asserted that the tax was illegal, was not collectible from either the stockholders or the bank, and, although there were other grounds of equitable cognizance, it was held that the court might interfere to prevent a multiplicity of suits, for if the bank paid the tax, and deducted it from each shareholder's dividends, the shareholders would have the right to recover from the bank. The facts of this case do not bring it within that ruling, for it is not contended here that the tax on the shares is illegal, but simply that the shares ought to have been listed in the names of the shareholders, and not in the name of the bank, as was done by the cashier; and it is admitted that the tax upon the shares held by citizens of Wilmington was not illegal. It appearing that the complainant had an adequate remedy at law, and it not appearing that there are any of those circumstances which bring this case within the well-established lines which mark the jurisdiction of equity, it is our opinion that the decree of the circuit court dismissing the bill was correct, and should be affirmed; and it is so ordered.