(Hamilton County Probate Court.)

IN THE MATTER OF THE ESTATE OF ELIZABET L. SPEERS, DECEASED.

Personal property located in this state is subject to collateral inheritance tax without regard whether the deceased owner was a resident or a non-resident of this state.

---

FERRIS, J.

An application has been filed with this court, in which it is represented that one Elizabeth L. Speers died testate, a resident of Kentucky, devising by her will her entire estate to various persons in several amounts: that about ninety thousand dollars worth of real estate belonging to said decedent, was located in this county, and that a personal estate of about eighty thousand dollars, represented by bonds, notes, mortgages and money on deposit in banks of the city of Cincinnati, was, by the will, directed to be paid to persons who could not have received the same except for the terms of the will

The question that is presented by the application does not relate to the real estate, it being admitted by counsel that the lex loci rei sitae governs. But contention is had as to the personal property located within the jurisdiction of this court at the time of the decease of the testatrix.

On behalf of the state, it is urged by the Prosecuting Attorney, that, under the provision of section one of the Collateral Inheritance Tax law, "all property within the jurisdiction of this state, and any interests therein, whether belonging to inhabitants of this state or not, and whether tangible or intangible, which shall pass by will or by the intestate laws of this state,

* * * shall be liable to a tax:'' that this personal property is subject to the provisions of the Collateral Inheritance Tax law, and therefore, the Court should order such proceedings as will direct the executors to pay into the county treasury, after proper deductions, a five per cent. tax upon all of the personal property within its jurisdiction.

On behalf of the executors, resistance is made to the application on the theory that Elizabeth L. Speers, having been continuously a bona fide resident of the state of Kentucky, where her will was executed and admitted to probate, all her personal property "had a legal situs" for all tax purposes, in Kentucky : that no part of her personalty passed to any collateral taker under, or by virtue of any of the laws of the state of Ohio, and, as Collateral Inheritance Tax is laid upon the succession and not upon the property, there is no consideration moving from the state of Ohio to support the tax: that the bonds, stocks, notes and evidences of debt in the private box of Mrs. Speers, in the vault of the Safe Deposit Company, in Cincinnati, for safe keeping, did not give any of these values a situs for taxation other than that of the owner, and that the credit in bank was of such a character as to be incapable of a legal situs , apart from the person of the owner. Citing Orcutt's Appeal, 97 Pa. St., 179 : Kintzing v. Hutchinson and Sharpless U. S. Circuit Court, Dist. N. J., 34 Legal Intelligencer ; Matter of Enston, 113, N. Y., 174 ; 15 Wallace, 300 ; Kirbland v. Hotchkiss, 100 U. S., 491.

Counsel for the executors have argued to the Court, that in matters of this character, the tax is not assessed upon the property itself, but that the property is used as a basis for estimating the value of the succession : that property can have but one legal situs, and the deviation from the rule which has prevailed for a great many years as to the situs of property, would involve the different states in constant conflict, which would be the means of imposing heavy and unnecessary burdens upon citizens : that the residence of the owner is a fact easily determined, and a wise guide for the laying of taxes, and that the law mobilia sequunter personam is one appicabe to the case at bar.

Many complicated questions have arisen under laws affecting the liability for the payment of collateral inheritance tax, or a legacy tax,—where the testator or testatrix were either non-residents or aliens, and it is by no means, at this time, a well-settled conclusion upon which the authorities have united : but, the trend of opinion is manifestly along a line which finds as its basis the right of a state to impose tax upon tangible property within its borders irrespective of all questions of residence or the allegiance of the owner. Cooley on Taxation, 2nd Ed. pages 55 and 56.

The application of this doctrine to the Collateral Inheritance, is not made peculiarly dependent upon a single circumstance, but where it appears that the property or the person, or both, shall be within the boundaries of the state, jurisdiction is conferred.

Our supreme court, in passing upon the constitutionality of the present act, has left no room for investigation by this court, at this time, for authority on the part of the state to impose such a tax upon its citizens, and the reasoning of courts having a similar law, has, in my judgment, cleared the legal atmosphere as to all rights relating to non-residents.

The case of the State v. Dalrymple 70, Md. 294, a leading case on the subject, furnishes a strong line of reasoning that will aid in the proper solution of the questions at bar. The Justice deciding the matter said : "No reason has been assigned, or can be suggested. why the broad language of the statute and the evident design of the legislature should be so narrowed and restricted as to exempt from this tax the property of a non-resident actually here, notwithstanding that some property may, for other purposes, be treated as constructively elsewhere.

If we adopt the view insisted on by the appellees, it would result in a discrimination n favor of the non-resident, and against our own citizens ; a discrimination, too, which the legislature certainly never intended to make, and for which no warrant whatever, can be found in the plain letter of the statute. In permitting property within the state, upon the death of its owner, to pass by devise or descent or distribution, the legislature has seen fit, where strangers or collateral kindred receive it, to exact, as the condition upon which that privilege is granted, the tax in question. The imposition and collection of the tax cannot, therefore, depend upon the mere accidental residence of the owner."

Dos Passos, at page 98, in his treatise on legacy and succession taxes, says, that upon grounds of public policy, the taxing state ought not to discriminate against its own citizens in favor of non-residents : that in some states, by express enactment, both tangible and intangible property within the state has been held liable to this tax, and so, under general tax laws, taxes have been imposed where such tangible property, such as bonds, stocks, mortgages and other choses in action, were actually within the taxing state at the time of the death, in the hands of an administrator or executor with ancillary letters, or where such property was in the hands of a mere agent for collection.

This is directly contrary to the position taken by the Pennsylvania courts in a case referred to by counsel for the executors in Orcutt's Appeal. In that case relied upon by counsel, an examination should be had of the statute then existing in the state of Pennsylvani, and a comparison made with the act under which this application is made.

The Court deciding the Pennsylvania case said : "By the very words of the act, the tax is not only limited to such estates as have a situs within the commonwealth, and also pass to collateral heirs or legatees but it is further restricted in defining the mode in

which they shall pass, namely, estates being within this commonwealth and passing from any person either by will or under the intestate laws thereof. It is therefore, clear that estates, not passing by will that is operative within the state or under the intestate laws thereof, are not within the purview of the court. Devolution, either under the intestate laws of the commonwealth, or under a properly executed will, is clearly made a condition of liability to the tax.'' So that that court has been thoroughly consistent in holding, in a number of recent decisions, that all government bonds, mortgages upon real estate in the state, held as collateral. to bonds owned by a decedent domiciled in another state, are exempt from taxation in that state. But the later cases follow closely the line of reasoning adopted by the dissenting judge in the matter of Enston, found in 113 N. Y., at page 183.

The gist of that decision is found in the answer of the court to the appellant's contention, that as to personal securities, the residum, after the payment of debts and other charges, should alone be assessed, and that the court of the decedent's domicile is the only one that can properly determine how much of them will go to collateral beneficiaries: for the court says, that the property chargeable with tie tax, is defined with such clearness as to deprive the appellant's contention of all force. In the first place, it is all property which shall pass. Second, the method of value is determined. Third, the time of payment. Fourth, the power of executors to sell to pay the same. And there the provisions of the law set forth ''After the, passage of this act, all property which shall pass by will or by the intestate laws of this state, from any person who may die seized or possessed of the same, while a resident of this state (New York), or if such decedent was not a resident of this state at the time of his death, which property or any part thereof shall be within the state ;'' while under the Ohio law, volume 91, act of 1894, page 169, amended act, section 1, it is provided that all property within the jurisdiction of this state, and any interest therein, whether belonging to inhabitants of this state or not, and whether tangible or intangible, which shall pass by will or by the intestate laws of this state, shall be liable to a tax of five per cent. upon its value.

Now, therefore, it must appear, as was made manifest by the reasoning of Danforth, Judge, that however the Pennsylvania statute may read, certain it is that the Ohio law plainly indicates that whether the decedent were a resident or a non-resident, was an immaterial matter : residence not being the primary consideration to be had in view in the enforcing of the law. The property was to be subject to the tax, irrespective of all questions of residence.

Therefore, in the opinion of the Court, the application asking for a direction to the executors to return this property for taxation should be granted and such proceedings will be had in accordance there with.