## Finley *versus* The City of Philadelphia.

The household furniture of a surgeon in the army of the United States, is liable to taxation in a city where he is stationed on duty, without the intention of acquiring a domicil.

ERROR to the Common Pleas of *Philadelphia*.

This was an amicable action of *assumpsit* by The City of Philadelphia against Clement A. Finley, in which the following case was stated for the opinion of the court :—

" It is agreed that an amicable action shall be entered, entitled as above, and that a case be stated for the opinion of the court, to ascertain the liability of the defendant for a tax assessed by the plaintiff upon certain household furniture (as per bill hereto annexed as a part hereof) belonging to the defendant, in the actual use of himself and his family.    This furniture was, at the time the said tax was assessed, and now remains in the city of Philadelphia.

" The affidavit of the defendant, hereto annexed, is to be considered and treated as part of this case stated.

" Should the court be of opinion that the plaintiff is entitled to recover the above tax, then judgment is to be entered against the defendant for the sum of eleven $\frac{25}{100}$ dollars ; but, if otherwise, judgment is to be entered in favour of the defendant.

B. GERHARD,
*For Defendant.*
HENRY T. KING,
*Attorney for Plaintiff.*"

" Clement A. Finley, on his oath, says, that he is a surgeon in the United States army; that in the month of October 1854, he was stationed in the city of St. Louis, Missouri, when he was ordered by the secretary of war to proceed to the city of Philadelphia, and there do duty as such surgeon ; that this affiant forthwith complied with the said order, and came to this city, where he has ever since remained, doing daily duty as such surgeon at this station; that he owns no real estate in Pennsylvania; that

his domicil was in Ross county, in the state of Ohio, in infancy, and this affiant has never had any intention of changing the said domicil or acquiring one elsewhere ; that as soon as he is relieved from his said military duty at this station, this affiant expects to leave this state.                                   C. A. FINLEY.

" Sworn and subscribed to, on July 27th, }
   A. D. 1858, before me,                                   }
       CHARLES D. FREEMAN, *Alderman.*"

The court below gave judgment for the plaintiff on the case stated, which was here assigned for error.

*Gerhard,* for the plaintiff in error, cited McCulloch *v.* Maryland, 4 *Wheat.* 316; Osborn *v.* Bank of the United States, 9 *Id.* 738; Weston *v.* City Council of Charleston, 2 *Pet.* 449; Dobbins *v.* Commissioners of Erie County, 16 *Id.* 435; United States *v.* Weise, 2 *Wall. Jr.* 72.

*Sellers* and *King,* for the defendant in error, cited McCulloch *v.* Maryland, 4 *Wheat.* 316; Weston *v.* City Council of Charleston, 2 *Pet.* 467; United States *v.* Weise, 2 *Wall. Jr.* 72.

The opinion of the court was delivered by
LOWRIE, C. J.—Dr. Finley has his residence in the city of Philadelphia, and has had for several years, and is charged with a city tax on his household furniture, used by himself and his family; and he claims that this property ought to be exempt, because he is a surgeon in the United States army, stationed here on duty, and with no intention of acquiring a domicil in this state, or of remaining in it after he shall be relieved from duty.

Is this a valid ground of exemption? We think not. There is nothing very poetic about tax laws. Wherever they find property, except what is devoted to public and charitable uses, they claim a contribution for its protection, without any special respect to the owner or his occupation, and without reflecting much on questions of generosity or courtesy. They leave no discretion to the taxing officers by which any exemption can be allowed; for if they did, favouritism and corruption would soon publicly abound.

Clearly the liability to taxation does not depend upon the intention of any one relative to his domiciliation, for this would make the state's power of taxation dependent, in numberless cases, on the pleasure of the persons proposed to be taxed. Residence is a definite and obvious fact, and is of itself a sufficient ground of liability.

Here is no tax on the official salary, for that stands in no need of protection from the state, and such taxation might lead to great abuses, and would be in effect a taxation of the federal govern-

ment.　But the officer's household furniture, not within army quarters, stands as much in need of state protection as any other kind of property, or as the property of any other person.　What is official about the plaintiff here is his surgical and medical function, and that is not taxed.　As an owner of household furniture or other property (not being special instruments of his office), he stands on common ground with other residents and citizens, and is subjected to corresponding burdens and duties.

Judgment affirmed, and record remitted.