VARNER, Ex'r, *vs.* CALHOUN, Tax Collector.

[BILL IN EQUITY TO ENJOIN COLLECTION OF TAX.]

1. *Taxation; what not subject to, under revenue law of 1868.*—Gold and United States treasury-notes on deposit in New York and stocks of foreign corporations, owned by a citizen of this State, are not subject to taxation by the State under any provision of the revenue law of 1868.

APPEAL from the Chancery Court of Macon.
Heard before Hon. B. B. McCRAW.

The facts are sufficiently stated in the opinion.

R. F. LIGON, for appellant.
GUNN & GRAHAM, and ARRINGTON, *contra.*

B. F. SAFFOLD, J.—By agreement of the counsel, two cases between the same parties, dependent upon the same question of law, are considered together.

The appellant filed the bill to enjoin the appellee, as tax collector, from proceeding against him to collect certain taxes which had been assessed in Macon county, on property of his in the State of New York, consisting of gold and United States treasury-notes, and on stocks in incorporated companies out of the State of Alabama. The bill was dismissed for want of equity.

The provisions of the revenue law of 1868, under which the taxes were assessed, are contained in the sixth section, which is an enumeration of subjects of taxation. They are as follows: "19. All money hoarded or kept on deposit subject to order, either in or out of the State," &c. "23. All investments in the stocks of any company or corporation out of this State."

Whether the case was one for the interposition of chancery is not contested by counsel, and we make no decision

Varner, Ex'r, v. Calhoun, Tax Collector.

on that question. It may not be amiss to say, that while the complainant might have resorted to legal means of resistance or redress, as by defending the possession of his property, or suing the officer for damages, after a sale, the cloud of such a sale upon his property, the multiplicity of suits in which he might have become involved, and the unnecessary vexation of an officer who only sought to do his duty, were considerations which might well invoke the interference of equity.

There is a recognized division of laws into personal and real statutes. The former pertain to the person, and are of general obligation everywhere. The latter have for their object property, and have no extra territorial force or obligation. Under this latter denomination is included our State revenue law. No State would permit the collection of taxes within its territory, by suit or otherwise, for the support of a foreign government. Capital, no less than population, is a welcome immigrant. If the States or countries whence it comes can pursue it for purposes of taxation, the consequent confusion would be inextricable and disastrous. The mere evidence of its ownership, whether a certificate of deposit, or of stock, or other title, though held in this State, is not the property, nor can it change its location.—Story's Confl. Laws, §§ 12, 13, 18, 29; *Bank of Augusta v. Earle*, 13 Pet.

The provisions of the revenue act referred to are inoperative in respect to the property of the complainant specified.

The decree is reversed, and a decree will be entered in this court in compliance with the prayer of the bill,