# McIver *v.* Robinson.

*Taxation of National Bank Stock.*

1. *Revenue law of* 1868; *what covers.*—The purpose of the revenue law of 1868 was to impose a tax on all property, real or personal, not especially exempted, which is taxable by the State, and the terms of the law are broad enough to cover shares of the capital stock of a national bank, although no express mention is made of them.

2. *Share of stock of national bank; what taxation subject to.*—Shares of the capital stock of a national bank are personal property, made, by the express provisions of the act of Congress, liable to State taxation, at the place where the bank is located, without regard to the residence of the stockholder, provided they are not taxed at a greater rate than other moneyed capital.

[McIver v. Robinson.]

3. *Revenue law of 1868; exemptions under; purpose of.*—The purpose of the revenue law, in exempting "all shares of the capital stock of corporations which are required to list their property for taxation," was to avoid the double taxation which would result from the taxation, both of the property of which the capital stock consists, and the shares of stock which represent the same property. This exemption has no application to shares of the stock of a national bank, whose capital consists mainly, if not entirely, of United States bonds, which the corporation is not required to list for taxation.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JAMES Q. SMITH.

McIver, a citizen of Macon county, was a stockholder in the First National Bank of Montgomery. Patrick Robinson, tax collector of Montgomery county, assessed taxes on his stock, and notified the president of the bank. Neither McIver nor the president of the bank paid the taxes, and Robinson levied upon the shares, and was proceeding to sell them, when McIver petitioned the circuit court for a *certiorari* to revise his action in the premises, and for a prohibition to prevent him from selling the shares. McIver alleged in the petition that the stock was not subject to taxation by the State or county.

Robinson demurred to the petition, on the ground that, "it shows on its face all the facts from which the law deduces the duty of the tax collector of Montgomery county to have assessed the taxes against petitioner, and to have levied upon the stock to satisfy the assessment."

This demurrer was sustained, and the petition was dismissed; to which petitioner excepted, and now assigns this ruling for error.

STONE & CLOPTON and JAMES W. LAPSLEY, for appellant.—National banks are among the corporations required to list their property, and under the revenue law of 1868, which expressly exempted "all shares of the capital stock of any company or corporation which is required to list its property for taxation," are not liable to be taxed by the State or county. The State has no right to tax the means and instrumentalities of the Federal Government (among which are national banks), unless permitted by Congress, and then only in the manner and to the extent permitted. Hence any State statute taxing these shares, which violates the limitations imposed by the act of Congress which permits .it, is invalid. *Van Allen* v. *The Assessor*, 3 Wallace, 573; *Bradley* v. *The People*, 4 Wallace, 459; *National Bank* v. *The Commonwealth*, 9 Wallace, 353.

The revenue law of 1868 does not conform to the second

limitation of the act of Congress which permits the State to tax the shares—that is, that the tax shall not exceed the rate imposed upon other moneyed capital in the hands of individuals.

HENRY C. SEMPLE and D. S. TROY, *contra.*—The State has the right to tax the shares of its own citizens in national banks without the authority of Congress. *McCulloch* v. *Maryland,* 4 Wheaton, 436.

The acts of Congress do authorize the States expressly to tax the shares. Sections 40, 41, act of June, 1864. Act of 10th Feb., 1868. *Van Allen* v. *The Assessor,* 3 Wallace, 573; *Bradley* v. *The People,* 4 Wallace, 49; *National Bank* v. *The Commonwealth,* 9 Wallace, 353; *Lionburger* v. *Rouse,* 9 Wallace, 468.

The act authorizing the organization of national banks makes their shares personal property, and as such they are taxable under section 6 of the revenue code of 1868.

BRICKELL, C. J.—The case presents but two questions, which are, it seems to us, free from all difficulty, in view of the decisions of the supreme court of the United States, and of the appellate courts of the several States, in which they have been considered. The first of these is, the liability of shares in national banks to State taxation at the place where the bank is located, without regard to the residence of the shareholder; the second is, whether the revenue law of 1868 imposed a tax on such shares, and if imposed, is it at a greater rate than is imposed upon other moneyed capital in the hands of individual citizens of the State?

The acts of Congress under which national banks are organized expressly authorize State taxation of the shares in such banks, at the place where the bank is located, without regard to the domicile or residence of the respective shareholders. *Tappan* v. *Merchants' National Bank,* 19 Wall. 490. The restriction or limitation on the power of the States to impose such taxation, originally fixed, was, not only that it should not exceed the rate assessed on other moneyed capital, but that it should not exceed the rate imposed upon the shares in any of the banks organized under the authority of the State. State banks having been dissolved, or merged into national banks, because of the tax imposed on them by Congress, to promote the policy of the national banking system, in 1868, the power of the State to tax was subjected to the sole limitation that it should not impose a greater rate of taxation than was imposed on other moneyed capital. 15

[McIver v. Robinson.]

U. S. Statutes, 34. Property, real or personal, is the legitimate subject of taxation, because of the protection afforded it by government. The law of the State in which the national bank may be located affords to it, and to its shareholder, the measure of protection extended to the citizen, and to his property. In the absence of positive congressional enactment, the contracts into which the bank may enter are construed and enforced according to the law of the State in which it is located. The courts of the State are open to it as freely as to the citizen. Whatever of profits the shareholder may derive, are derived from business transacted in the State, and under its laws. The substantial reason for exempting them from State taxation, which might be urged, is, that they are instrumentalities or agencies of the Federal Government, by which some of its most important operations are conducted. If subjected to State taxation, the power could be so exercised as to destroy them, or if not, to embarrass them, and to embarrass the Federal Government. That reason was fully considered by the Congress, and against such perversion or abuse of the taxing power of the States, the banks and the government were guarded. Equality of, and not exemption from, taxation by the State was secured. *Commonwealth* v. *National Bank,* 9 Wall. 361; *Lionberger* v. *Rouse, ib.* 468; *Providence Bank* v. *City of Boston,* 101 Mass. 575.

By the express terms of the act of Congress, shares in national banks are declared personal property. Independent of such declaration, they would have been so regarded. The purpose of the revenue law of 1868, expressed in more than one section, was to impose a tax on all property, real and personal, not specially exempted, taxable by the State. The 6th section enumerates the property to be listed for taxation, specifies all real property, specific personal property, and then concludes, " all other property, real or personal, not otherwise specified herein, or exempt by law from taxation, and its value." Pamph. Acts, 1868, p. 301. The 11th section declares, " that there shall be, and hereby is, levied on all property in this State, real and personal, not herein exempt from taxation, an annual tax of three-fourths of one per cent." *Ib.* 303. There is no exemption of shares in a national bank, or of any corporate property, except of municipal, educational, or religious corporations, or of unsold and uncultivated lands donated by Congress to railroads. There is an exemption of " all shares of the capital stock of any company or corporation which is required to list its property for taxation in this State." Pamph. Acts, 1868, p.

299.   This exemption is applicable only to shares of the stock of corporations the capital of which consists of property the corporation is required to list for taxation.   The shares represent the interest of the shareholder in such property; and as the property is taxed, to avoid double taxation, the shares are exempt.   The capital of the national bank in which the appellant holds shares, consists largely, if not entirely, of the bonds of the government of the United States, which the bank is not required to list for taxation. If it consists, and it is almost impossible to conceive that it may, of any property the bank is required to list for taxation, the record does not disclose it.   This exemption we cannot suppose has any reference to national banks.

We do not deem it necessary to inquire whether the revenue law of 1868 specifically enumerates shares in a national bank as a subject of taxation.   If it does not, as we have already intimated, they are embraced under the general terms, "all other property, real or personal," not specially enumerated or specially exempt.   It has not been suggested, nor could it have been, that the tax assessed against the shares of appellant was greater than that assessed on other moneyed capital.   To such tax they are liable, and it appears to have been properly assessed.

The judgment of the circuit court is affirmed.