# FAJARDO SUGAR COMPANY

*v.*

## ALLAN H. RICHARDSON, Treasurer.

---

San Juan, Law, No. 818.

RECOVERY OF TAXES PAID UNDER PROTEST.

Taxation—Foreign Stock.

    1. The People of Porto Rico cannot tax shares of stock of a for eign corporation held by another foreign corporation actually situated outside the Island, although both corporations do business in Porto Rico.

Taxes—Interest.

    2. Interest does not run against a government on recovery from it of taxes paid under protest.

Opinion filed July 6, 1914.

---

*Mr. Louis Banigan* for plaintiff.

*Mr. W. H. Pitkin,* Attorney General, for defendant.

Fajardo Sugar Co. v. Richardson.

HAMILTON, Judge, delivered the following opinion:

This is a suit brought to recover $7,038 paid by the plaintiff under protest as taxes to Porto Rico for the fiscal year 1911-12. Suit was brought to recover it within thirty days after payment of the taxes, as provided in act 35, approved March, 1911, found in Laws of Porto Rico for 1911, page 124. The case now comes up upon the merits, and is submitted upon an agreed statement of facts which shows that the tax was levied upon $586,500 stock of the Fajardo Development Company, a Connecticut corporation, held by the Fajardo Sugar Company, a New York corporation. The former is a public service corporation operating a railroad in Porto Rico, on which it has paid the usual property tax and the franchise tax. The latter company is a corporation manufacturing sugar, having its plant in Porto Rico, and it likewise has paid all taxes assessed, except the tax on the stock in question. The plaintiff appealed from the original assessment by the tax assessor to the permanent board of equalization and review, on the ground, which is admitted as true, that the shares of stock in question had their situs beyond the jurisdiction of Porto Rico. The board, after due hearing, found "that the amount in question is capital actually invested in Porto Rico, and is employed by the Fajardo Sugar Company in the transaction of its business in the Island," and the board thereupon sustained the action of the assessors in making the assessment now complained of.

The suit was originally brought September 12, 1911, and after different pleadings is now submitted upon the merits.

Various motions were made at the trial, some before and some after the submission of evidence, raising the question of

Fajardo Sugar Co. v. Richardson.

jurisdiction of this court. These motions were denied for reasons set out in the opinion already filed upon the hearing upon the question of jurisdiction June 26, 1913. These need not be repeated at this time.

1. The question of taxation of stock held by nonresidents has come up for decision in American courts under a variety of circumstances. In the case at bar the actual situs of the paper shares of stock is admitted to be in New York, where the plaintiff was incorporated and where it has its managing office. There is no showing, however, that the plaintiff pays taxes upon this stock in New York.

As said by Chief Justice Lowrie, of Pennsylvania, in Finley v. Philadelphia, 32 Pa. 381: "There is nothing poetical about tax laws. They tax property wherever they find it." It is only right that property which is protected and fostered by a Sovereign should pay taxes to that Sovereign for the benefits received. Everything is under the jurisdiction and under the taxing power of a state that exists by its authority or is introduced by its permission. M'Culloch v. Maryland, 4 Wheat. 429, 4 L. ed. 607; 1 Kent, Com. 429. And, of course, the converse holds true,—what is not so located and protected should not be taxed. It is equally true that the taxing power is limited to the property which is within the jurisdiction of that Sovereign. St. Louis v. Wiggins Ferry Co. 11 Wall. 429, 20 L. ed. 194; State Tax on Foreign-held Bonds, 15 Wall. 319, 21 L. ed. 186; Delaware Railroad Tax, 18 Wall. 229, 21 L. ed. 895. It has been held that shares of Western Union stock are taxable where the stockholder lives, although the capital invested, that is to say, the property in which the proceeds of the shares exist, is taxed to the company itself besides. 20 Cent.

Fajardo Sugar Co. v. Richardson.

L. J. 479. The actual situs governs in the taxation of personalty. Mobile v. Baldwin, 57 Ala. 61, 29 Am. Rep. 712; Irvin v. New Orleans, St. L. & C. R. Co. 94 Ill. 105, 34 Am. Rep. 208; Story, Confl. L. §§ 18, 550. The rule as to personal property, however, does not apply altogether to such intangible property as shares of stock, bonds, and the like. Pennsylvania, for example, undertook to tax foreign bondholders of Pennsylvania corporations because they had the benefit of the mortgage of a railroad located in Pennsylvania. This case,—Maltby v. Reading & C. R. Co. 52 Pa. 140,—was overruled by the Supreme Court. State Tax on Foreign-held Bonds, 15 Wall. 322, 323, 21 L. ed. 187, 188. Shares of stock of a resident corporation cannot be taxed if owned by a nonresident. Cooley, Taxn. §§ 16, 169. It has been held that the United States may tax the interest on railroad bonds held by nonresidents and payable abroad, but this was for special reasons. United States v. Erie R. Co. 106 U. S. 327, 27 L. ed. 151, 1 Sup. Ct. Rep. 223. It has been held that Connecticut, for instance, can tax a resident owner of bonds held in Illinois, on the ground that a debt technically has its situs at the residence of the creditor. Kirtland v. Hotchkiss, 100 U. S. 491, 25 L. ed. 558. On the other hand, it has been held that certificates of deposit in New York or shares of foreign corporations are not taxable in Alabama. Varner v. Calhoun, 48 Ala. 178. Debts are not property, and nonresidents cannot be taxed for ownership of local stock. Murray v. Charleston, 96 U. S. 432, 24 L. ed. 760.

It would seem, therefore, that stock in a foreign corporation, held by a foreign corporation, with the situs of the stock certificate actually foreign, is not taxable under the laws of Porto Rico.

Fajardo Sugar Co. v. Richardson.

2. The plaintiff, however, is not entitled to interest upon the .tax money which has been paid under protest.   Governments cannot be required to pay interest in the absence of statutory provision to that effect.   Tillson v. United States, 100 U. S. 47, 25 L. ed. 544; United.States ex rel. Angarico v. Bayard, 127 U. S. 251, 260, 32 L. ed. 159, 162, 8 Sup. Ct. Rep. 1156; United States v. North Carolina, 136 U. S. 211, 34 L. ed. 336, 10 Sup. Ct. Rep. 920.   It has been held by the supreme court of Porto Rico that §§ 1067, 1068, 1073, and 1075 of the Civil Code, allowing interest on defaults, do not apply to the government of Porto.Rico.   Union Cent. L. Ins. Co. v. Gromer, 20 P. R. R. 80.

It follows, therefore, that judgment must be given for the plaintiff, but without interest; and it is so ordered.