## New Cumberland Borough School District v. Taylor.

*Taxation—Per capita school tax—Federal salary—Occupation tax—Suit to recover tax—Classification of school district—Act of May 11, 1921.*

1. In a suit brought by a school district under the Act of May 11, 1921, P. L. 508, to recover a *per capita* tax, the court will take judicial notice that all the school districts of the county are districts of either the second, third or fourth class.

2. In such case, as the act provides that districts of the second, third and fourth class may collect the tax on each resident, it is not necessary for the plaintiff district to set out in the statement its classification.

3. The *per capita* school tax is not an occupation tax, but a tax on the person, and a resident sued for such tax cannot set up as a defence that his income is derived from a Federal salary, and, therefore, not taxable.

Affidavit of defence in lieu of demurrer. C. P. Cumberland Co., Dec. T., 1923, No. 122.

*John E. Myers*, for plaintiff; *J. H. Reiff*, for defendant.

BIDDLE, P. J., Jan. 20, 1925.—This is an appeal by the defendant from the judgment of a justice of the peace, the defendant having been sued by the plaintiff for the amount of the *per capita* school tax of $5. The plaintiff's

statement of claim sets out the levying of the tax for the year 1922, and avers that the defendant was, during that year, a resident of the Borough of New Cumberland, the school district in question, and was an employee of the United State of America, in the United States Post Office Department. The defendant has filed an affidavit of defence in lieu of a demurrer, setting up, first, that the statement of claim is not sufficient, in that it does not set forth the classification of said school district; and, second, that the defendant, being in the service of the United States Government, is not liable under the law for the payment of said tax.

As to the first objection, the Act of May 11, 1921, P. L. 508, under which the tax is levied, provides that each school district of the second, third and fourth class may collect the *per capita* tax on each resident. The court will take judicial cognizance of the fact that all the school districts of this county are districts of one of these three classes, and it is, therefore, competent to impose the tax; so that the first ground of objection raised by the affidavit of defence cannot be sustained. As to the second point, the contention of the defendant is that the tax is, in fact, an occupation tax, and that the defendant, being in the employ of the Federal Government, his occupation is not subject to tax by the school districts of this State. It must be conceded, we think, that the defendant here would not be subject to an occupation tax; and, if the *per capita* tax in question is such a tax, then his affidavit of defence would have to be sustained. The learned counsel for the defendant, however, has not called to our attention any case in which it has been held that a tax of this nature is an occupation tax, and we have been unable to find any authority that would sustain such a contention. All offices created by this Commonwealth and occupations within it are subjects of taxation, but the basis of such taxation varies with the respective offices and occupations, and to this rule we have not been able to find any exception. The school tax under consideration, however, does not show any such variation, the tax being uniform upon every resident of the school district who is liable to taxation in any form. It may well be that the defendant, if held liable, would pay this tax out of the income that he derives from the Federal Government, but that would not make it a tax upon his occupation any more than a tax which was admittedly imposed upon that occupation would cease to be an illegal tax because the defendant might choose to pay the tax out of the income derived from some other source. The source of payment, therefore, is not the controlling element; but the controlling element, as we view it, is that which is taxed. In the present case the defendant himself is taxed without regard to his occupation, and the tax would be the same whether he was employed in private life, or employed under the State or some municipal government, or, as here, where he is employed by the Federal Government. It is a tax on him and not upon his occupation. In principle, therefore, we think, the case is entirely analogous to that of Finley *v.* Philadelphia, 32 Pa. 381, where it was held that the personal property of a Federal employee situated within the City of Philadelphia was subject to local taxation, regardless of the occupation of the owner of that property; the court there saying of the Federal employee that "he stands on common ground with other residents and citizens and is subjected to corresponding burdens and duties." We do not find that this case has ever been overruled or questioned in any manner, and we regard it as conclusive of the point raised before us. It follows that the demurrer must be overruled.

It may be that some other ground of defence exists, and we will, therefore, merely overrule the demurrer and not direct the entry of judgment against the defendant.

And now, Jan. 20, 1925, the affidavit of defence in lieu of a demurrer is held to be insufficient and is overruled; leave, however, is given to the defendant to file an affidavit of defence to the merits within fifteen days from the filing of this opinion, and in default thereof, the plaintiff may enter judgment against him for want of an affidavit of defence.

From Francis B. Sellers, Carlisle, Pa.