## Tax on Liquid Fuels.

*Taxation—Constitutional law—State and Federal Governments—Federal employees—Taxation by State—Exemption from taxation.*

1. The office of an employee of the Federal Government and the salary or income derived therefrom are exempt from taxation by the State on the principle that the State cannot levy a tax on the instrumentalities of the Federal Government. This proposition is not stated in the Constitution, but is implied from the conditions and is necessary in order that our system of dual government may be able to function.

2. The effect of the principle is to exempt a Federal employee from State tax on his occupation or his office or his income. He is still liable to be taxed on his real estate or his personal property and is liable to all the other burdens and duties imposed upon other citizens of the State, unless they are such as would interfere with the performance of his official duties.

3. There is no reason requiring a Federal employee to be exempt from the tax on liquid fuel bought for his own use, and he is liable for such tax.

Department of Justice. Opinion to Hon. Edward Martin, Auditor General.

WOODRUFF, Att'y-Gen., June 25, 1925.—I am in receipt of your request for an opinion on the claim of certain employees of the Federal Government that their exemption from taxation by the State includes exemption from the taxes on liquid fuels levied by the State of Pennsylvania.

The office of an employee of the Federal Government and the salary or income derived therefrom are exempt from taxation by the State on the principle that the State cannot levy a tax on the instrumentalities of the Federal Government. There are no provisions in the Constitution of the United States stating this proposition, but it is implied from the conditions and is necessary in order that our system of dual government, each constituent of which is supreme within its defined jurisdiction, may be able to function. The power to tax implies the power to destroy; consequently, if a state were permitted to tax the instrumentalities of the Federal Government, it might conceivably tax those instrumentalities out of existence: McCulloch *v.* Maryland, 4 Wheat. 316; Dobbins *v.* Commissioners, 16 Pet. 435; Louisville First National Bank *v.* Com., 9 Wall. 353; Collector *v.* Day, 11 Wall. 113, 12 Am. & Eng. Ency. of Law, 373.

The effect of the principle is to exempt a Federal employee from State tax on his occupation or his office or his income. He is still liable to be taxed on his real estate or his personal property, and is liable to all the other burdens

### Tax on Liquid Fuels.

and duties imposed upon other citizens of the State, unless they are such as would interfere with the performance of his official duties. In the absence of such reason, a Federal officer, as such, has no special claim to exemption from the taxes paid by other citizens of the State.

In the case of Finley v. Philadelphia, 32 Pa. 381, an officer of the United States Army temporarily domiciled in Philadelphia claimed that his household goods were exempt from local tax. The Supreme Court of Pennsylvania ruled against such exemption and in the course of its opinion said: "What is official about the plaintiff here is his surgical and medical function, and that is not taxed. As an owner of household furniture or other property (not being special instruments of his office), he stands on common ground with other residents and citizens and is subjected to corresponding burdens and duties."

The Supreme Court of the United States in the case of Louisville First National Bank v. Com., 9 Wall. 353, held that the stock of a national bank in the hands of stockholders was liable to a tax levied under an act of the Legislature of the State of Kentucky. In an elaborate argument on this question the court said, inter alia: "The most important agents of the Federal Government are its officers, but no one will contend that when a man becomes an officer of the Government, he ceases to be subject to the laws of the state. The principle we are discussing has its limitation, a limitation growing out of the necessity on which the principle itself is founded. That limitation is, that the agencies of the Federal Government are only exempted from state legislation, so far as that legislation may interfere with or impair their efficiency in performing the functions by which they are designed to serve that government. Any other rule would convert a principle founded alone in the necessity of securing to the Government of the United States the means of exercising its legitimate powers into an unauthorized and unjustifiable invasion of the powers of the states. The salary of a Federal officer may not be taxed; he may be exempted from any personal service which interferes with the discharge of his official duties because those exemptions are essential to enable him to perform those duties. But he is subject to all the laws of the state which affect his family or social relations or his property, and he is liable for punishment for crime, though that punishment be imprisonment or death."

There is no reason growing out of this situation that would require a Federal employee to be exempt from the tax on liquid fuel bought for his own use. The operation of his automobile or machinery at his home, requiring gasoline, cannot be regarded as part of his official character. He could, with as good reason, contend that he should not be required to pay a dog tax, or a license fee for his car, or for a hunting license; and, as these exemptions are reciprocal, an employee of Pennsylvania might contend with equal reason that he should be exempt from a tariff duty or an excise tax laid by the Federal Government. Sales of liquid fuels to the United States for actual consumption in the business of the Government are exempt from the tax under the present practice of the Auditor General's Department. None of the interferences with the necessary functions of the Federal Government contemplated by Chief Justice Marshall in his celebrated opinion in McCulloch v. Maryland could possibly arise from subjecting a Federal employee to the liquid fuels tax. No such exemption is required for the proper safeguarding of the instrumentalities of the Federal Government, and, in the absence of such necessity, I am of the opinion that a Federal employee is liable to pay the tax in question.

From C. P. Addams, Harrisburg, Pa.