RAFAEL BUSCAGLIA, TREAS. Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; WIRSHING & Co., S. EN C., Intervener.

No. 109.   Argued December 3, 1946.—Decided March 13, 1947.

*Luis Negrón Fernández, Acting Attorney General,* and *Elmer Toro Luchetti, Deputy Attorney General,* for petitioner.   *Vicente Zayas Pizarro* for intervener, complainant in the main proceeding.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Wirshing & Co., S. en C., a civil, agricultural, and industrial partnership with its main office at Juana Díaz, Puerto Rico, on December 22, 1944, introduced into Puerto Rico an electric starter for a pump for sugar-cane juice installed in the sugar mill of its industrial factory, which constituted an essential piece of machinery for the operation thereof. The Treasurer of Puerto Rico levied an excise tax on said starter which was paid by the intervener under protest on March 5, 1945, and on March 19 it sought from the Treasurer the return thereof. It was not until October 1 of the same year that the Treasurer refused to refund the money. The intervener then appealed to the Tax Court, alleging, in brief, that the excise tax levied was illegal because the electric starter was exempt from excise taxes under § 16(b) of the Internal Revenue Law, as amended by Act No. 77 of May 9, 1944 (Laws of 1944, p. 166). The Tax Court dismissed the appeal for lack of jurisdiction because it had been filed on October 19, 1945, that is, seven months after the demand for payment was made, and in order to be able to resort to the Tax Court the appeal should have been taken within thirty (30) days after the date of payment. The intervener then presented a motion for reconsideration and alleged that it had been induced to error by former decisions of the Tax Court reversed by said court in *P. R. Iron Works, Inc.* v. *Treasurer,* decided on July 3, 1946, invoking the doctrine followed in *Mayagüez Light, Power & Ice Co.* v. *Tax Court,* 65 P.R.R. 28. The court granted the motion for reconsideration and rendered a final decision to the effect that, since the evidence showed that the piece in question was to be used in machinery essential to the operation of the taxpayer's industrial factory, and since the same question was previously decided in favor of the taxpayer's contention in *Cía. Cervecera de Puerto Rico* v. *Treasurer,* A–44, the complaint must be sustained in all its parts; and the Treasurer was subsequently ordered to return the excise tax plus interest thereon at the rate of 6

per cent per annum from the filing of the complaint. We issued a writ of certiorari in order to review that decision.

Petitioner urges that the Tax Court committed three errors. The first two are the same as those argued and decided in favor of the taxpayer in *Buscaglia* v. *Tax Court; Crown Beverages, Inc.*, intervener, 67 P.R.R. 26 and we must therefore dismiss them. Let us see the third assignment, which reads thus:

"The Honorable Tax Court of Puerto Rico erred in ordering the Treasurer of Puerto Rico to pay interest at six (6) per cent per annum, since the action was brought against The People of Puerto Rico under Act No. 169 of 1943, which does not contain any provision authorizing the allowance of interest against the People of Puerto Rico nor any appropriation for the payment of money out of the Treasury for interest."

The intervener in its brief admits that the respondent court erred in granting interest on the amount ordered to be returned, from the time of the filing of the complaint; but it maintains that the decision sought to be reviewed should be modified so as to allow interest solely from the date of its rendition. In order to reach this conclusion, it contends that § 4 of Act No. 169 of 1943 provides:

"All proceedings before the court, including the presentation and admission of evidence, shall be governed by the rules of the court, which shall be approved by the Governor of Puerto Rico, *and in default thereof, by the provisions of the Code of Civil Procedure* or by such rules of procedure as the Supreme Court of Puerto Rico may promulgate . . ."; (Italics ours.)

and that, since § 341 of the Code of Civil Procedure provides that "The secretary must include in the judgment entered up by him any interest on the judgment of the court, from the time it was made, . . ." it is a ministerial duty on the part of the secretary of the Tax Court to include said interest, inasmuch as § 341 does not make any exception as to actions brought against The People of Puerto Rico.

The intervener is wrong. The language used in § 4 of Act No. 169 of 1943, *supra,* clearly shows that the legislative intent, in making the provisions of the Code of Civil Procedure or of the Rules of Procedure promulgated by this Court supplementary to the rules adopted by the Tax Court, was limited to "All proceedings before the court, including the presentation and admission of evidence." It specifically limited them to questions of procedure. It did not include any provision of a substantive character which might be included in the Code of Civil Procedure, such as the allowance of interest mentioned in § 341, *supra.* As we said in *Ex parte Franceschi,* 53 P.R.R. 72, cited by the intervener, ". . . the right to . . . interest was created by said section 341 . . .," so that it can not be held that it was a mere question of procedure.

If Act No. 169 of 1943 does not grant any kind of interest whatsoever to the winning taxpayer, as admitted by the intervener, its allowance did not lie either from the date of the filing of the complaint or from the date on which the decision under review was rendered, inasmuch as the taxpayer may not recover interest unless its payment is expressly authorized by law. *Union Central Life Ins. Co.* v. *Gromer,* 20 P.R.R. 80; *West India Oil Co. (P.R.)* v. *Benítez Castaño, Manager,* 51 P.R.R. 266; *Fajardo Sugar Co.* v. *Richardson,* 7 P.R. Fed. Rep. 154; *Sunny Brook Distillery Co.* v. *U. S.,* 48 F. (2d) 976, where it was said at p. 981: "The allowance of interest against the government is a matter of grace, manifestly restrictive, is never to be presumed, and should not be allowed unless clearly and specifically authorized." To the same effect see *U. S.* v. *North Carolina,* 136 U. S. 211; *U. S.* v. *Goltra,* 312 U. S. 203; *Roseman et al.* v. *U. S.,* 323 U. S. 658.

In *Salthouse* v. *Board of Commissioners,* 224 Pac. 70, the facts were similar to those of the case at bar. Judgment was rendered for the amount of the tax claimed without interest,

but a proviso was inserted that the judgment itself should bear interest from the date of its rendition. The court held the following, at p. 73:

"The county is not liable for interest on its obligation, for a statute which in general terms requires the payment of interest does not apply to the state or county unless it expressly so provides. (Citing authorities.) The statute declares that all judgments shall bear interest. (Citing authorities.) There being no express reference to the state or county, they are by implication excepted from the operation of the general rule."

In *Schlesinger* v. *State*, 218 N. W. 440, the doctrine established in the *Salthouse* case was cited with approval and it was further stated that "The cases that have just been cited are based upon the universally recognized rule that a sovereign state cannot be sued in its own courts, unless its consent is given by law."

The decision under review should be modified by eliminating the allowance of interest and, as thus modified, the decision is affirmed.

Mr. Justice Snyder did not participate herein.